IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


RAYL LYNN KELLAR,

    Plaintiff,

v.                                                    CASE NO. 1:11-cv-59-MP-GRJ

C. L. WEST, et al.,

    Defendants.

_____/


**REPORT & RECOMMENDATION**

Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983. (Doc. 1.) Plaintiff's claims stem from an alleged delay in medical care while Plaintiff was incarcerated at Cross City Correctional Institution. For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be dismissed for abuse of the judicial process. It is also recommended that Plaintiff's pending motions to proceed *in forma pauperis* (Doc. 3) and to amend his complaint (Doc. 6) be terminated upon dismissal of this case.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 8. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id*. at 5. Section IV. C. requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of

prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Plaintiff checked "yes," and added "unsure as to prior litigations." Plaintiff identified one case filed in this district against "Walker, Taylor County" that concerned "child support incarceration - contempt proceedings -false imprisonment," filed in "1996-97," that was dismissed pursuant to a summary judgment. Plaintiff did not identify any state cases. *Id*. at 6.

Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff checked yes and again added "unsure as to prior litigations." Plaintiff identified one additional case filed in this district against Michael Moore, concerning the "Religious Restoration Act for Native Americans," filed in "2001-2003," that Plaintiff states was dismissed because it "failed to state a claim." *Id*.

A review of the Court's PACER Case Locator reflects that Plaintiff has filed at least six other federal cases while he has been incarcerated, at least two of which count as "strikes" for purposes of 28 U.S.C § 1915(g). *See Kellar v. Moore*, Case No. 5:02-cv-220-MMP-MCR (N.D. Fla. 11/19/2002) (dismissing case as malicious pursuant to 28 U.S.C § 1915(e)(2)(B)(i)); *Kellar v. Harrison*, Case No. 4:96-cv-203-WS-WCS (N.D. Fla. 7/31/1996) (dismissing complaint as frivolous pursuant to 28 U.S.C § 1915).[1]

---

[1]In addition to the cases that count as "strikes," Plaintiff filed the following federal cases: *Keller v. Walker*, Case No. 4:95-cv-40082-MP (civil rights case); *Keller v. Walker*, Case No. 4:95-cv-40107-WS (civil rights case); *Kellar v. Singletary*, Case No. 4:97-cv-290 (habeas corpus case transferred from Middle District); *Kellar v. Alford*, Case No. 5:01-cv-125-MP-SMN (civil rights case).

*Case No: 1:11-cv-59-MP-GRJ*

The most recent of these cases is particularly relevant.  In *Kellar v. Moore*, Case. No. 5:02-cv-220-MMP-MCR, Plaintiff filed a civil rights complaint against Department of Corrections employees for alleged denial of his right to religious worship, to seek redress of grievances, to equal protection, and to basic shelter needs, among other claims.   Following screening of the complaint, the Magistrate Judge recommended that it be dismissed as malicious because Plaintiff failed to fully disclose all of his past federal cases.  *Id*., Doc. 5.  The Magistrate Judge identified two additional civil rights cases and one habeas corpus case filed in this district that Plaintiff failed to disclose.  The Magistrate Judge stated that "Plaintiff should also be warned that such false responses, filed herein *or filed in the future*, will not be ignored and may result in more severe and long-term sanctions."  *Id*. (emphasis added).

Plaintiff filed objections, arguing that he did not intentionally mislead the court and that dismissal was too severe a sanction.   Plaintiff provided the Court with a list of his previous state and federal cases.  *Id*. Doc 6. (Identifying state postconviction cases and three additional federal cases).  The district judge overruled Plaintiff's objections, finding Plaintiff's claim that he did not intentionally mislead the Court to be "not credible."  *Id*. Doc. 7.  The Court determined that Plaintiff's disclosure of his past lawsuits in his objections did "not remedy his past untruthfulness.  The Court must be able to rely upon all the representations of the parties, not just those made after previous falsities are discovered."  *Id*.  The Court adopted the Magistrate Judge's Report and Recommendation, and dismissed Plaintiff's case without prejudice.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's

prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4;

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's failure to fully disclose his filing history in the instant complaint is particularly egregious given that his most recent federal case was dismissed for failing to disclose truthfully prior litigation. This Court previously warned Plaintiff that such lack of candor would not be tolerated and that false responses in the future could lead to the imposition of more severe sanctions. This Court issued an Order to Show Cause on April 14, 2011, directing Plaintiff to show cause why his case should not be dismissed for abuse of the judicial process.  Plaintiff's response to the show cause order directs the Court to Plaintiff's response to the section of the form Complaint requiring disclosure of prior cases in which he stated he was "unsure as to prior litigations. The sole reason offered by Plaintiff for failing to disclose prior cases is that he did not have the ability or the records to identify the prior litigation. Further, Plaintiff suggests the failure to disclose prior cases was not a misrepresentation because he did disclose there may have been previous cases. (Doc. 7).

*Case No: 1:11-cv-59-MP-GRJ*

The Court is not persuaded that Plaintiff has offered a compelling reason to excuse Plaintiff's lack of candor.  Indeed, in *Kellar v. Moore,* Case No. 5:02-cv-220-MMP-MCR, the Court in its report and recommendation, identified two civil rights cases and one habeas corpus case Plaintiff filed in this district which hef failed to disclose. Further, in the *Moore* case Plaintiff provided the Court with a list of previous state and federal cases he had filed. Without explanation, in this case (and in response to the show cause order) Plaintiff failed to mention or identify the cases identified in the Court's report and recommendation or the cases Plaintiff identified in his objections to the report and recommendation. While Plaintiff might not have records of every case he filed, Plaintiff should have had access to or at least known about the prior cases identified in the *Moore* case. In short, Plaintiff's lack of candor when he filed this case and apparent lack of candor in responding to the Court's show cause order demonstrate that Plaintiff's conduct is an abuse of the judicial process and is more than sufficient to require the dismissal of this case.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.  This cause should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915A.

2.  The dismissal of this case should count as a strike pursuant to 28 U.S.C § 1915(g).

3.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) and motion to amend complaint and demand for jury trial (Doc. 6) should be **TERMINATED** upon dismissal of this case.

**IN CHAMBERS** this 11th day of August 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-cv-59-MP-GRJ*

## **NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**